



UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2021
FEBRUARY 7, 2023 SESSION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 2:23-cr-00024
                                            18 U.S.C. § 2252A(a)(2)
                                            18 U.S.C. § 2252A(a)(5)(B)
JONATHAN LEVI RIDER                         18 U.S.C. § 2252A(b)(1)
                                            18 U.S.C. § 2252A(b)(2)


## I N D I C T M E N T

### COUNT ONE

On or about September 17, 2022, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant JONATHAN LEVI RIDER did knowingly attempt to distribute child pornography, as defined in 18 U.S.C. § 2256(8)(A), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, using a means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

## COUNT TWO

On or about November 17, 2022, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant JONATHAN LEVI RIDER did knowingly possess material, that is, computer graphic image files, containing images and videos of child pornography, as defined in 18 U.S.C. § 2256(8)(A), that involved prepubescent minors and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## FORFEITURE

In accordance with Section 2253(a) of Title 18 of the United States Code, and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised on the conviction of defendant JONATHAN LEVI RIDER of a violation of 18 U.S.C. §§ 2252 et seq., as set forth in this Indictment, the defendant shall forfeit to the United States any visual depictions and any books, magazines, periodicals, films, videotapes, and other matter which contains such visual depictions, which were produced, transported, mailed, shipped, or received in connection with the violations set forth in this Indictment, any real and personal property constituting or traceable to gross profits or other proceeds obtained from the violations set forth in this Indictment, and any real and personal property used or intended to be used to commit or to promote the commission of the violations set forth in this Indictment, including, but not limited to computers and other electronic devices or storage media previously seized by law enforcement.

WILLIAM S. THOMPSON
United States Attorney

By: _____
JULIE M. WHITE
Assistant United States Attorney