```
        IN THE UNITED STATES DISTRICT COURT FOR THE
             SOUTHERN DISTRICT OF WEST VIRGINIA
                         CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                            **CRIMINAL NO. 2:23-cr-00024**

**JONATHAN LEVI RIDER**

### SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America, by Francesca C. Rollo, Assistant United States Attorney for the Southern District of West Virginia, and hereby files a sentencing memorandum in support of a sentence of imprisonment of no less than 60 months to be followed by 20 years of supervised release in the above-captioned matter.

The PSR sets forth Defendant's total offense level as 30 and he falls within criminal history Category I, which results in an advisory guideline range of 97 months to 121 months. For the reasons set forth herein, the United States respectfully requests that the Court sentence Defendant to a period of no less than 60 months in prison to be followed by 20 years of supervised release. Such a sentence properly reflects the factors referenced in 18 U.S.C. § 3553(a), in that it will protect the public from Defendant, reflect the serious nature of the offense, and deter others who would follow Defendant's example.

**I.   Background**

In May of 2021, Kik Messenger submitted a Cybertip to the National Center for Missing and Exploited Children ("NCMEC") that Kik account "gaskid2000" uploaded 34 videos and 2 images of a prepubescent minor engaged in sexual activity. The Google account associated with "gaskid2000" belonged to Defendant. Investigators traced the account and associated IP address to Defendant's residence. On August 26, 2021, a federal search warrant was executed at the residence. Defendant was present and was questioned by law enforcement. He admitted to clicking on internet links that contained child pornography. A search of Defendant's cellular telephone seized on that date revealed 2 videos and 14 images of child pornography. A review of Defendant's Kik account revealed 87 videos and 17 images of child pornography. Per the Cybertip, Defendant had both received and uploaded child pornography on his Kik account. Among the images and videos located on Defendant's phone were images and videos depicting the sexual abuse of children.

On October 6, 2022, the West Virginia State Police received a Cypertip from NCMEC that Kik account "bromango6796" uploaded 7 files containing child pornography. Again, investigators traced the account and associated IP address to Defendant's residence. Defendant was 18 years old at this time. On November 17, 2022, a

2

state search warrant was executed at the residence. A search of Defendant's cellular telephone seized on that date revealed 3 videos containing child pornography. In one of these videos, a prepubescent child is being anally penetrated by an adult male. Also found on Defendant's device were 13 computer generated images of toddler-aged females being sexually assaulted by adult males; while the images did not depict real toddlers being abused, they were otherwise extremely realistic-looking depictions of such abuse that are nearly indistinguishable from the real thing.

## II. Sentencing Factors

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States respectfully requests the Court consider the following in this matter:

### A. **Nature and Circumstances of the Offense.**

The offense of conviction and the totality of Defendant's conduct provide for a sentence of at least 60 months in prison. Defendant stands convicted of possession of prepubescent child pornography, including relevant conduct totaling 44 images and 92 videos. When adjusted for the number of videos, this results in 6,931 images. Defendant's conduct spanned over a year and was interrupted by the execution of a federal search warrant, confrontation by law enforcement, and the seizure of his cellular telephone.

Despite such a significant wake-up call, Defendant's parents gave him another cell phone and he returned to possessing child sexual abuse material. Indeed, not only did he return to possessing it – he returned to uploading it to Kik per the Cybertip. While only a few images of actual child pornography (as opposed to the realistic computer-generated images of the sexual abuse of toddlers) were located on Defendant's cell phone during his second venture into possessing child pornography, that does not accurately capture the totality of his conduct related to the offense. A sentence of at least 60 months in prison, however, does adequately capture the conduct.

B. **History and Characteristics of the Defendant**

Defendant's apparent inability to refrain from collecting, viewing, and uploading images of child sexual abuse despite having had federal agents knocking on his door is concerning. Defendant has suggested that his ADHD and Tourette's syndrome diagnoses, combined with his young age, demonstrate that he lacked the maturity or impulse control to avoid committing the crime. However, the impulse to watch toddlers being sexually abused is deeply disturbing, and anyone with the maturity to be interested in pornography also has the maturity to know that it is universally understood that sexual activity with toddlers is fundamentally wrong.

The psychological report of Dr. Dreyer submitted by defendant also displays Defendant's cavalier attitude toward child pornography and the offense that is inconsistent with the facts of the case. His description of his crime suggests that people frequently and inevitably encounter child pornography when trying to find adult pornography, which is patently untrue. This is particularly inconsistent with someone who is *uploading* child pornography onto Kik per the Cybertips. Defendant's statements to Dr. Dreyer indicate that he has not fully accepted his active role in the crime; he continues to view himself as someone that the crime simply happened to without any intent on his part.

While Defendant's youth might warrant a downward variance, it does not excuse his behavior or change the very concerning interests he seems unable to avoid. For this reason, a sentence of no less than 60 months in prison is appropriate.

**C. <u>Need for the Sentence to Reflect the Serious Nature of the Offense, Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence, and to Protect the Public.</u>**

The serious nature of Defendant's offense warrants a substantial sentence. The images and videos Defendant collected show the humiliation, pain, and sexual degradation of some of the most vulnerable members of our society. Every time an offender views the images of a child's sexual abuse, it continues the

5

humiliation and reignites the victim's pain and suffering. Because the image trade continues, the victim never has the opportunity for healing or any sort of closure.

A sentence of no less than 60 months would provide just punishment for this serious offense, even in light of Dr. Steven Dreyer's report of Defendant's forensic psychological examination. Dr. Dreyer avers that Defendant presents with the psychosocial and psychosexual maturity of an individual in their mid-teens. PSR ¶ 53. An individual in their mid-teens would undoubtably appreciate the wrongfulness and danger of possessing material depicting a young, prepubescent girl being anally raped by an adult man. Importantly, Defendant himself recognized that watching child pornography was wrong and noted that he would feel guilty when he did. PSR, Ex. 1 at 4.

Additionally, while Dr. Dreyer opined that Defendant "does not present with characteristics of a sexual predator, sexual deviant, or that of a pedophile," the crime with which Defendant has been convicted illustrates precisely that. The collection of child sexual abuse material Defendant possessed is a strong example of sexual deviance and an illustration of one way in which an individual can sexually prey on a child. People who do not have a sexual interest in children generally do not download and upload

6

prepubescent child pornography, and they certainly do not return to such behavior after they have been caught by law enforcement.

As for adequate deterrence, it is clear from Defendant's continued conduct that a term of incarceration is necessary to deter him from committing further violations of the law. Defendant was confronted by law enforcement regarding his collection of child pornography, yet was not deterred. Defendant continued to collect images and videos of children being sexually abused despite watching law enforcement search his home and find his stash of child pornography. Defendant was already given a second chance, which he failed to take advantage of. Without a term of incarceration, Defendant will again receive the message that his possession of images and videos depicting the sexual abuse of children is not actually a problem.

Thus, a sentence of at least 60 months in prison is warranted to reflect the ongoing victimization of the children in the possessed images, to provide just punishment, and to deter Defendant and others who might otherwise engage in this behavior.

### III. Conclusion

Defendant's conduct shows a fixation on the sexual exploitation and degradation of young children. The United States believes that a sentence of no less than 60 months in prison to be

followed by 20 years of supervised release is appropriate. The United States anticipates that approximately 30 minutes will be required for the sentencing hearing.

                    Respectfully submitted,

                    WILLIAM S. THOMPSON
                    United States Attorney

By:
                    /s/ Francesca C. Rollo
                    Francesca C. Rollo
                    Assistant United States Attorney
                    WV Bar No. 13856
                    300 Virginia Street, East
                    Room 4000
                    Charleston, WV 25301
                    Telephone: 304-345-2200
                    Fax: 304-347-5104
                    Email: Francesca.rollo@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 2nd day of November, 2023 to:

    David Bungard, AFPD
    Federal Public Defender's Office
    300 Virginia Street, East, Room 3400
    Charleston, West Virginia 25301
    Email: David_Bungard@fd.org

    /s/ Francesca C. Rollo
    Francesca C. Rollo
    Assistant United States Attorney
    WV Bar No. 13856
    300 Virginia Street, East
    Room 4000
    Charleston, WV 25301
    Telephone: 304-345-2200
    Fax: 304-347-5104
    Email: Francesca.rollo@usdoj.gov